**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| MID CENTRAL OPERATING ENGINEERS HEALTH AND WELFARE FUND, and STEPHEN SCOTT, TRUSTEE,<br><br>Plaintiffs,<br><br>v.<br><br>DAYLIGHT LAND MANAGEMENT, LLC<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Cause No. 1:26-cv-01119<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Come now the Plaintiffs, the Mid Central Operating Engineers Health and Welfare Fund (the "Fund") and Stephen Scott, one of its trustees ("Scott"), by counsel, and for their Complaint against the Defendant, Daylight Land Management, LLC, allege and state as follows:

1. Jurisdiction of this Court is founded upon Section 502 of the Employee Retirement Income Security Act of 1974, (29 U.S.C. §1132); and Section 209(a) and (b) of the Employee Retirement Income Security Act of 1974 (29 U.S.C. §1059(a) and (b)); in that the Fund is aggrieved by the Defendant's violation of collective bargaining agreements and trust agreements requiring the Defendant to make health and welfare, pension, and training contributions on behalf of its employees to the Fund, thereby violating the provisions of employee benefit plans.

2. The Fund is an employee benefit plan, within the meaning of Sections 3(1)(2)(3)(21) and 502 of the Employee Retirement Income Security Act of 1974 (29 U.S.C. §1002(1)(2)(3)(21) and 1132). The Fund maintains its office and principal place of business in Terre Haute, Indiana. It acts as a collection agent for the Central Pension Fund of Operating

1

Engineers and Participating Employers, the International Union of Operating Engineers

("IUOE") Local 103 Apprenticeship and Training Fund, the Indiana Constructors Industry

Advancement Fund, the Substance Abuse Testing Program, and the IUOE Local 841 Qualified

Savings Plan, also employee benefit funds.

3.    Scott is a Trustee of the Fund. Scott is a fiduciary of the Fund within the meaning

of Section 3(21) of ERISA, 29 U.S.C. § 1002(21). Scott brings this action on behalf of the

Trustees of the Fund.

4.    Defendant is an employer existing under and by virtue of the laws of the State of

Indiana, with its office located at 362 E State Route 68, Haubstadt, IN 47639.

5.    Defendant is an employer and is a party in interest in an industry affecting

commerce within the meaning of Sections 3(5)(11)(12) and (14) and 209 of ERISA, 29 U.S.C.

§§ 1002(5)(11)(12) and (14) and 1059.

6.    Defendant is a party to and has agreed to abide by the terms of a collective

bargaining agreement, trust agreement, and participation agreement requiring it to make timely

and full contributions to the Fund.

7.    Defendant has failed to make timely contributions to Fund for and on behalf of its

employees and has failed to perform its obligations under the terms and conditions of the

aforementioned collective bargaining agreement and Participation Agreement of the Fund, and is

additionally in violation of Section 515 of the Employee Retirement Income Security Act of

1974, as amended.

8.    Despite demands that Defendant perform its contractual obligations, Defendant

has failed, neglected, omitted, and refused to make those payments.

9.     Against the Defendant's refusal to comply with the terms and conditions of its collective bargaining agreement with the Union, the Plaintiff has no adequate remedy at law, and unless the Defendant is mandatorily compelled to comply with said documents, the Plaintiff will suffer irreparable harm.

10.     The Fund is entitled by the terms of Section 502(g)(2) of the Employee Retirement Income Security Act of 1974, as amended by the Multi-Employer Pension Plan Amendments Act of 1980, to payment of the delinquent contributions, liquidated damages, and interest, as provided in Section 502(g)(2) (29 U.S.C. §1132(g)(2)) of the Employee Retirement Income Security Act of 1974.

11.     The Fund is entitled by the terms of Section 502(g)(2) of the Employee Retirement Income Security Act of 1974, as amended by the Multi-Employer Pension Plan Amendments Act of 1980, to its attorney fees incurred in bringing this action against the Defendant.

WHEREFORE, Plaintiffs demand the following relief:

A.     A judgment on behalf of the Fund in the amount of Defendant's delinquencies to said Fund, plus liquidated damage and interest assessments, plus reasonable attorneys' fees and costs of this action, all as provided in 29 U.S.C. §1132(g)(2).

B.     Injunctive relief enjoining Defendant from failing, neglecting, and refusing to make its required contributions to the Fund as they fall due.

C.     That the Court retain jurisdiction of this cause pending compliance with its Orders.

D.     For such other, further, or different relief as the Court may deem just proper.

3

Respectfully submitted,

Daniel Bowman (31691-49)
Bowman Legal Services, LLC
9292 N. Meridian Street, #311
Indianapolis, IN 46260
(317) 912-3220
daniel@bowmanlegalservices.com